**UNITED STATES of America**

v.

**Eric VIRDEN, Defendant**

**No. 4:05–CR–22 (CDL).**

United States District Court, M.D. Georgia, Columbus Division.

March 17, 2006.

---

56. Opinion modified on denial of reconsideration (October 5, 2004).

Melvin E. Hyde, Jr., Columbus, GA, for United States of America.

Janice A. Singer, Atlanta, GA, for Defendant.

## ORDER

LAND, District Judge.

Two roads diverged in a wood, and I–I took the one less traveled by, And that has made all the difference.[1]

The Government has filed a motion for the Court to reconsider its March 3, 2006 Order granting in part Defendant Eric Virden's Motion to Suppress (Doc. 93). In that Order, the Court found that the seizure of Virden's vehicle, a Buick LeSabre, was without probable cause and that the seizure did not fall within an exception to the probable cause rule. *See United States v. Virden,* 417 F.Supp.2d 1360 (M.D.Ga.2006). Specifically, the Court found that the *Terry* stop of Virden evolved into a seizure of Virden and his vehicle when the officers handcuffed Virden, placed him in the back seat of the police car, and drove him and his car, without his consent, to an investigative site where the car was subjected to a sniff search by a drug dog. Since the Court found that no probable cause existed to search or seize the car at the time that Virden and his car were transported to the investigative site, the Court found that the contents of the car that were seized as a result of the subsequent dog sniff of the car must be suppressed under the Fourth Amendment. *Id.* The Government now contends that the Court should not exclude the evidence seized from Defendant's car because even if the officers violated Defendant's Fourth Amendment rights by seizing the car without probable cause, they would have inevitably discovered the same evidence through lawful means. The Gov-

---

1. Robert Frost, *The Road Not Taken* (1916).

ernment argues that it does not make a difference that the officers chose an unconstitutional road to the evidence as long as a road not taken would have constitutionally led them to the same destination.

### The Roads Not Taken

■ It is true that once Virden was in custody, the officers *could* have left the LeSabre at the BP station and brought the drug dog to it sometime later. It is also correct that the officers *could* have conducted a search of the LeSabre incident to Virden's arrest or *could* have impounded the LeSabre pursuant to Columbus Police Department procedures. However, they did not do what they *could* have done to protect Defendant's Fourth Amendment rights. Rather, the officers seized the LeSabre without probable cause and drove it to a police investigative site.

■ The inevitable discovery exception to the exclusionary rule applies if the prosecution can establish that the challenged evidence "ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). However, this exception does not excuse constitutional violations based upon speculation that law enforcement *could* have, under certain hypothetical circumstances, obtained the same evidence without violating the Defendant's constitutional rights. To establish inevitable discovery in the Eleventh Circuit, the prosecution must show that "the police possessed and were actively pursuing the lawful avenue of discovery when the illegality occurred." *United States v. Khoury*, 901 F.2d 948, 959 (11th Cir.1990). The Government contends that this exception applies in the instant case and that four Eleventh Circuit cases support its argument: *United States v. Roper*, 681 F.2d 1354 (11th Cir.1982); *United States v. Burgos*, 720 F.2d 1520 (11th Cir.1983); *United States v. Kroesser*, 731 F.2d 1509 (11th Cir.1984); *United States v. Rhind*, 289 F.3d 690 (11th Cir. 2002). The Court is not persuaded that any of these cases applies here.

In *Roper*, *Burgos*, and *Kroesser*, officers elicited statements in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and thereby discovered evidence which the defendants sought to suppress. In each case, however, officers were pursuing lawful avenues to obtain the evidence at the time of the *Miranda* mis-steps such that the evidence ultimately would have been discovered notwithstanding the officers' failure to comply with *Miranda*. In *Roper*, for example, officers arrested the defendant based on probable cause. After the arrest, but before the defendant was issued a *Miranda* warning, the officers asked if the defendant had weapons and identification. *Roper*, 681 F.2d at 1357. The defendant pointed them to a handgun in his briefcase and identification in his shoulder bag. The Eleventh Circuit found that the search was a lawful search incident to arrest which would have materialized even if the officers had not learned of the location of the evidence by the defendant's statements. *Id.* at 1358–59. *See also Kroesser*, 731 F.2d at 1519 (declining to suppress evidence found in motor home for which police were searching and which police located based on statements elicited in violation of *Miranda* because motor home was left unconcealed in obvious location and would have been easily discovered in police's search for it); *Burgos*, 720 F.2d at 1525 n. 6 (finding that evidence gathered in search based on consent elicited in violation of *Miranda* fell under inevitable discovery exception because officers had probable cause to search house); *cf. Rhind*, 289 F.3d at 694 (finding that evidence gathered from bag on defendant's person would have been discovered in a "routine inventory search" following defendant's arrest for

counterfeiting and thus should not be suppressed).

*The Taken Road Does Make a Difference*

Unlike *Roper, Burgos, Kroesser,* and *Rhind,* the record in this case does not support a finding that the officers would have inevitably searched Virden's car in a lawful manner. There is simply no evidence that they contemplated taking any road other than the one they took. They did not arrest Virden at the BP station and therefore had no plan or intention to search his car incident to an arrest or to secure his car and conduct an inventory search. Furthermore, the present record establishes that they had no plan to bring the drug dog to the BP station to sniff the car. In fact, their only plan and intention was to take Virden and his car, without Virden's consent, to the investigation site so that it could be subjected to the drug dog sniff at that location. They were not pursuing a lawful avenue that would inevitably lead to the discovery of the evidence. They had chosen and committed to their road, which this Court has found violated Defendant's constitutional rights. A constitutional violation cannot be excused in this case based upon the fact that there would have been no violation had they traveled a hypothetical road that was not contemplated and not taken.

In this case, the taken road makes a difference as made clear by *Khoury.* In *Khoury,* the Eleventh Circuit found that the district court erred when it denied the defendant's motion to suppress contents of a notebook which was discovered during an inventory search of the defendant's car. *Khoury,* 901 F.2d at 959. Although the initial inventory search of the car and its contents, including the notebook, was permissible, it expanded beyond the limits of a lawful inventory search and became an investigatory search when the officer began reading the contents of the notebook to determine if it had evidentiary value.

The Eleventh Circuit found that the doctrine of inevitable discovery did *not* apply because there was no evidence that, at the time of the illegal search, the officers were "actively pursuing any lawful avenue to obtain the contents of the notebook, such as seeking a warrant for an investigative search." *Id.* at 960. The Court finds *Khoury* to be applicable here. In this case, when the officers seized Virden's LeSabre, they were not actively pursuing any lawful avenue to obtain the contents of the LeSabre. They did not search it incident to Virden's arrest, they did not impound it and inventory its contents, they did not secure it in the BP parking lot and bring a drug dog to it, and they did not seek a search warrant. Therefore, the doctrine of inevitable discovery does not apply in this case. To hold otherwise would be to convert the "inevitable" discovery rule to a "speculative possibility" discovery rule. The officers chose an unconstitutional road, and in this case that makes all the difference.

For these reasons, the Government's Motion for Reconsideration is DENIED.